**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                      NORTHERN DISTRICT OF CALIFORNIA
10
11   LIDA P. RATIVO,                          No. C 08-5199 JL
12            Plaintiff,
13       v.                                   **ORDER GRANTING RELIEF FROM
                                              INADVERTENT DISMISSAL (Docket #s
14   AURORA LOAN SERVICES, LLC, et al.,       21, 22, 23); AND SCHEDULING
                                              HEARING ON DEFENDANT'S MOTION
15            Defendants.                      TO DISMISS (Docket # 11)**
     _____/
16
17          Plaintiff's motion for relief from inadvertent dismissal of complaint without prejudice

18   pursuant to CCP § 473(b) (Docket # 21, 22, 23 ) came on for hearing. All parties have

19   consented to this Court's jurisdiction pursuant to 28 U.S.C. §636(c). Attorney for Plaintiff is

20   Tracy L. Wood. Attorney for Defendant is Patrick L. Blair, HOUSER & ALLISON, Long

21   Beach, California (appearing by telephone)

22          The Court carefully reviewed and considered the parties' papers and the arguments

23   of counsel and hereby grants the motion. Defendant's motion to dismiss shall be heard

24   before this Court on April 29, 2009 at 9:30 a.m. Defendant shall serve the motion to dismiss

25   on Plaintiff's counsel forthwith. Plaintiff shall file and serve the Opposition three weeks prior

26   to the hearing date, and Defendant may file its Reply one week prior to the hearing date.

27                              **Background**

28

United States District Court

For the Northern District of California

1        Plaintiff originally filed this action in Alameda County Superior Court on September

2  5, 2008 (Case No. HG08408150). Aurora filed a demurrer on October 14, 2008, with a

3  hearing set for December 8, 2008. Plaintiff then dismissed the state court action on

4  December 5, 2008, three days before the demurrer hearing.

5        Plaintiff filed this action on November 17, 2008. Aurora filed its motion to dismiss on

6  December 22, 2008, which was set for hearing on February 4, 2009.[1] However, Plaintiff

7  filed a request for voluntary dismissal of her action on January 9, 2009. The Court issued

8  an order dismissing the case on January 13, 2009. After the dismissal, Plaintiff voluntarily

9  dismissed Defendant Specialized Loan Servicing on January 26 and all Defendants except

10  Aurora Loan Servicing on January 28, 2009.

11                **Relief Requested by Plaintiff**

12        On February 2, 10 and 17, 2009, Plaintiff filed successive requests for relief from

13  involuntary dismissal, claiming that counsel's legal assistant e-filed the wrong form while he

14  was abroad, and he couldn't open the e-mail containing the form to check it because his

15  computer there didn't have the right software. Counsel's assistant filed a supporting

16  declaration confirming this account.

17                     **Argument**

18        Defendant asks the Court to take note that the ECF rules for this district provide that

19  "A document filed with the Court electronically shall be deemed to be signed by a person,

20  when the document identifies the person as a Signatory. . ." and further "An ECF User may

21  authorize another person to file a document . . . and the ECF User shall retain full

22  responsibility for any document so filed." General Order 45 § X, IV.D. Consequently, argues

23  Defendant, Plaintiff's counsel is responsible for his assistant's filing, even though it was a

24  dismissal of the entire case, rather than just one defendant.

25        Defendant vehemently opposes Plaintiff's request, arguing that this is a tactic by

26  Plaintiff of filing an action, then dismissing it prior to a hearing on a demurrer or motion to

27

28      [1]Defendant Specialized Loan Servicing had filed its own motion to dismiss on December 18, set for hearing on January 28, 2009. Plaintiff dismissed this Defendant.

1  dismiss, then re-filing it somewhere else, part of a pattern of procedural gamesmanship to

2  delay the inevitable.  Aurora has had a pending unlawful detainer action against Plaintiff

3  since September 15, 2008, which has been continued five times (Alameda County Superior

4  Court Case No. FG08409453). Plaintiff recently filed bankruptcy. Aurora intends to file a

5  motion for relief from the automatic stay. At the hearing, counsel advised the Court that the

6  subject property has been sold, and therefore the unlawful detainer action is moot.

7       Plaintiff's counsel says he intended to dismiss only one Defendant, Specialized Loan

8  Servicing, without prejudice, and not dismiss the whole case. He claims mistake,

9  inadvertence, surprise or excusable neglect, and requests relief pursuant to CCP §473(b).

10  **Analysis and Conclusion**

11       Counsel's explanation of how he authorized his assistant to e-file a document he

12  had not reviewed is open to interpretation. In an abundance of caution, rather than

13  prejudice the client by what was arguably an excusable mistake on the part of her counsel,

14  the Court will grant the request for relief from the Dismissal in this case. Defendant's motion

15  to dismiss shall be heard before this Court on April 29, 2009 at 9:30 a.m. Defendant shall

16  serve the motion to dismiss on Plaintiff's counsel forthwith. Plaintiff shall file and serve the

17  Opposition three weeks prior to the hearing date, and Defendant may file its Reply one

18  week prior to the hearing date.

19       Plaintiff's motion for relief from inadvertent dismissal is granted.

20       IT IS SO ORDERED.

21  DATED: March 25,  2009

22

23  _____
        JAMES LARSON
      Chief Magistrate Judge

24

25

26  G:\JLALL\CHAMBERS\CASES\CIVIL\08-5199\Order grant 21, 22, 23.wpd

27

28

**United States District Court**
For the Northern District of California